# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| OWENS CORNING, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 04-00905 |
| | : | |
| CREDIT SUISSE FIRST BOSTON, et al. | : | (Bankr. No. 00-03837) |

MEMORANDUM AND ORDER

Fullam, Sr. J.                                                                                         April 13, 2005

       On March 31, 2005, I entered an Order estimating the liability of Owens Corning for pending and future unliquidated claims relating to asbestos injury. On April 11, 2005, Credit Suisse First Boston, as Agent for the Bank lenders, filed a motion for reconsideration of that Order, pointing out various perceived discrepancies between the views expressed in the body of my opinion, and the results reached. Movant contends that the estimate of $7 billion should be amended to reflect an estimate of $4.8 billion.

       The movant asserts that, having ruled that punitive damages should not be included in the estimate, the Court nevertheless relied upon the estimates of Dr. Vasquez and Dr. Rabinovitz, which included punitive damages; and that my estimate did not make any adjustments to account for alleged overpayments to unimpaired claimants.

       As I attempted to make clear in my March 31 opinion, I do not regard any of the experts' opinions as having mathematical accuracy, and think it a mistake to make detailed mathematical adjustments; and I do not adopt the Banks' seeming assumption that to acknowledge that past litigation results were skewed to some extent by litigation irregularities (forum-selection, mass-screenings, runaway juries, etc.) is equivalent to a guarantee that, from

now on, no such factors will be present. This Court does not have the authority to change state law. All cases which can survive summary disposition under state law have some potential value. The perfect world assumed by the Banks' argument – a world in which only persons suffering serious symptoms make claims, symptoms which could possibly be caused by something other than asbestos are ruled out, reductions in pulmonary function will be disregarded unless they exceed 20%, and only multiple X-ray readings will suffice – cannot realistically be predicted with assurance.

I recognize that Dr. Rabinovitz did not reduce her estimate by excluding punitive damages. I did not mean to suggest that the only reason for not accepting her estimate at face value was her failure to account for the aging of the claimant-population. I did not make mathematical adjustments to any of the estimates. In finding Dr. Rabinovitz's and Dr. Vasquez's estimates more persuasive than those of Dr. Peterson or Dr. Dunbar, I did not mean that I accepted every detail of the testimony of any of the experts. I also found persuasive the testimony of the attorneys involved in the National Settlement Program, which was to the effect that, at least during the NSP, punitive damages were not considered, and had virtually no impact upon settlement values or other outcomes.

In short, I merely attempted to arrive at an estimate which appropriately reflected the differences between what has already occurred, and what is likely to happen in the future. I predicted that there will be some reduction in the value of claims because of eliminating punitive damages; that there will be some reduction in the pace at which future claims are filed, because of perceptions that full payment is unlikely; that progress has been made in eliminating questionable X-ray readings, and this trend will continue; and that some of the pending and

2

future claims will prove to lack merit, but not nearly to the extent assumed by the Banks' argument.

Giving due consideration to all of the evidence presented at the hearings, and giving due consideration to all of the arguments of counsel, I adhere to my estimate of $7 billion. The motion for reconsideration will be denied.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| OWENS CORNING, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 04-00905 |
| | : | |
| CREDIT SUISSE FIRST BOSTON, et al. | : | (Bankr. No. 00-03837) |

### ORDER

AND NOW, this 13th day of April, 2005, upon consideration of the motion of Credit Suisse First Boston for reconsideration of this Court's March 31, 2005 Memorandum and Order, IT IS ORDERED:

That the motion for reconsideration is DENIED.

BY THE COURT:

_____
John P. Fullam, Sr. J.

4