# EXHIBIT B

Copyright 2005 The New York Times Company
The New York Times

May 18, 2005 Wednesday
Late Edition - Final

**SECTION:** Section C; Column 1; Business/Financial Desk; Pg. 5

**LENGTH:** 708 words

**HEADLINE:** Civil Suits Over Silica in Texas Become a Criminal Matter in New York

**BYLINE:** By JONATHAN D. GLATER

**BODY:**

A federal grand jury has been convened in Manhattan to consider possible criminal charges arising out of civil litigation over exposure to silica and asbestos, according to lawyers involved in the civil cases.

The grand jury has subpoenaed documents from at least one of the companies that screened people who later claimed they had suffered injuries as a result of exposure to silica, a material that can cause respiratory disease and that is used in making glass, paints, ceramics and other materials.

The federal investigation comes amid questions about some silica-related claims that emerged in federal court proceedings in Corpus Christi, Tex. Several doctors testified there that they had diagnosed silicosis in patients they had never met or interviewed.

Some of the doctors had made diagnoses of asbestos-related disease in claimants at one time, then silicosis in the same claimants at a later time -- with no mention of what happened to the earlier illness. That testimony may have cast doubt on claims, many of them already paid, that were filed in the past over asbestos-related disease.

Lawyers involved, who spoke on the condition of anonymity because of the criminal investigation, said they did not know whether individual doctors who had made the questionable diagnoses had yet received subpoenas from federal prosecutors. They cautioned that the investigation appeared to be in its early stages.

A spokeswoman for the office of the United States attorney in Manhattan declined to comment.

The silicosis litigation has been centered in Texas, far from Manhattan, so it might appear odd that the grand jury has been convened by prosecutors in the Southern District of New York. Criminal lawyers who are not involved in either the civil cases or the criminal investigation, however, said that it was not unusual for prosecutors in the Southern District, who often tackle corporate and securities fraud cases, to take on complex frauds in other places.

"The Southern District has often taken an interest in broad, complex fraud cases where there is some effect in New York," said Amy E. Millard, a former Manhattan federal prosecutor who practices at Clayman & Rosenberg. "Because the prosecutors in the Southern District of New York are among the most experienced in complex white-collar matters, the Southern District would often feel in some sense a responsibility to step in, investigate and bring charges, as long as there was a legitimate basis for doing so."

Some links may exist to tie the potential silica claim fraud in Texas, Mississippi and other states with New York: at least one of the entities that might have been a victim is based in New York. The Manville Personal Injury Settlement Trust, set up in 1988 to compensate people injured by exposure to asbestos or products containing asbestos that were manufactured or sold by the Johns Manville Corporation, has offices in New York.

Of course, asbestos -- a cancer-causing substance used as a flame retardant -- is not the same thing as silica, and the lung injuries caused by each substance differ. (Lawyers for both sides, unsurprisingly, disagree over how common it is for one person to suffer injuries as a result of exposure to both.)

Large amounts of money are at stake. According to Senator Arlen Specter, Republican of Pennsylvania and chairman of the Senate Judiciary Committee, who has pushed for legislation to deal with asbestos litigation, more than 70 companies have filed for bankruptcy as a result of asbestos claims. Tens of thousands of silica claims have also been filed against companies and insurers.

Evidence was entered in the Texas court that some doctors had little training in how to interpret X-rays to find signs of silica-related illness and that they reached their conclusions after spending just minutes looking at an X-ray or -- worse -- just a prepared report based on an X-ray. Some doctors backed away from their conclusions; one cut short his own testimony to ask for a lawyer.

One doctor's testimony was "raising great red flags of fraud," said Janis Graham Jack, the federal judge presiding at the hearing in Corpus Christi.

The convening of a grand jury suggests that federal prosecutors in Manhattan heard her.

**URL:** http://www.nytimes.com

**LOAD-DATE:** May 18, 2005