20

Westlaw.

Page 1

R.C. § 2307.92

Baldwin's Ohio Revised Code Annotated Currentness
  Title XXIII. Courts--Common Pleas
    Chapter 2307. Civil Actions (Refs & Annos)
      Asbestos Claims

→ 2307.92 Requirements for prima-facie showing of physical impairment for certain tort actions involving asbestos exposure

(A) For purposes of section 2305.10 and sections 2307.92 to 2307.95 of the Revised Code, "bodily injury caused by exposure to asbestos" means physical impairment of the exposed person, to which the person's exposure to asbestos is a substantial contributing factor.

(B) No person shall bring or maintain a tort action alleging an asbestos claim based on a nonmalignant condition in the absence of a prima-facie showing, in the manner described in division (A) of section 2307. 93 of the Revised Code, that the exposed person has a physical impairment, that the physical impairment is a result of a medical condition, and that the person's exposure to asbestos is a substantial contributing factor to the medical condition. That prima-facie showing shall include all of the following minimum requirements:

(1) Evidence verifying that a competent medical authority has taken a detailed occupational and exposure history of the exposed person from the exposed person or, if that person is deceased, from the person who is most knowledgeable about the exposures that form the basis of the asbestos claim for a nonmalignant condition, including all of the following:

(a) All of the exposed person's principal places of employment and exposures to airborne contaminants;

(b) Whether each principal place of employment involved exposures to airborne contaminants, including, but not limited to, asbestos fibers or other disease causing dusts, that can cause pulmonary impairment and, if that type of exposure is involved, the general nature, duration, and general level of the exposure.

(2) Evidence verifying that a competent medical authority has taken a detailed medical and smoking history of the exposed person, including a thorough review of the exposed person's past and present medical problems and the most probable causes of those medical problems;

(3) A diagnosis by a competent medical authority, based on a medical examination and pulmonary function testing of the exposed person, that all of the following apply to the exposed person:

(a) The exposed person has a permanent respiratory impairment rating of at least class 2 as defined by and evaluated pursuant to the AMA guides to the evaluation of permanent impairment.

(b) Either of the following:

(i) The exposed person has asbestosis or diffuse pleural thickening, based at a minimum on radiological or pathological evidence of asbestosis or radiological evidence of diffuse pleural thickening. The asbestosis or diffuse pleural thickening described in this division, rather than solely chronic obstructive pulmonary disease, is a substantial contributing factor to the exposed person's physical impairment, based at a minimum on a determination that the exposed person has any of the following:

(I) A forced vital capacity below the predicted lower limit of normal and a ratio of FEV1 to FVC that is equal to or greater than the predicted lower limit of normal;

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

USG B 0307

R.C. § 2307.92

(II) A total lung capacity, by plethysmography or timed gas dilution, below the predicted lower limit of normal;

(III) A chest x-ray showing small, irregular opacities (s, t) graded by a certified B-reader at least 2/1 on the ILO scale.

(ii) If the exposed person has a chest x-ray showing small, irregular opacities (s, t) graded by a certified B-reader as only a 1/0 on the ILO scale, then in order to establish that the exposed person has asbestosis, rather than solely chronic obstructive pulmonary disease, that is a substantial contributing factor to the exposed person's physical impairment the plaintiff must establish that the exposed person has both of the following:

(I) A forced vital capacity below the predicted lower limit of normal and a ratio of FEV1 to FVC that is equal to or greater than the predicted lower limit of normal;

(II) A total lung capacity, by plethysmography or timed gas dilution, below the predicted lower limit of normal.

(C)(1) No person shall bring or maintain a tort action alleging an asbestos claim based upon lung cancer of an exposed person who is a smoker, in the absence of a prima-facie showing, in the manner described in division (A) of section 2307.93 of the Revised Code, that the exposed person has a physical impairment, that the physical impairment is a result of a medical condition, and that the person's exposure to asbestos is a substantial contributing factor to the medical condition. That prima-facie showing shall include all of the following minimum requirements:

(a) A diagnosis by a competent medical authority that the exposed person has primary lung cancer and that exposure to asbestos is a substantial contributing factor to that cancer;

(b) Evidence that is sufficient to demonstrate that at least ten years have elapsed from the date of the exposed person's first exposure to asbestos until the date of diagnosis of the exposed person's primary lung cancer. The ten-year latency period described in this division is a rebuttable presumption, and the plaintiff has the burden of proof to rebut the presumption.

(c) Either of the following:

(i) Evidence of the exposed person's substantial occupational exposure to asbestos;

(ii) Evidence of the exposed person's exposure to asbestos at least equal to 25 fiber per cc years as determined to a reasonable degree of scientific probability by a scientifically valid retrospective exposure reconstruction conducted by a certified industrial hygienist or certified safety professional based upon all reasonably available quantitative air monitoring data and all other reasonably available information about the exposed person's occupational history and history of exposure to asbestos.

(2) If a plaintiff files a tort action that alleges an asbestos claim based upon lung cancer of an exposed person who is a smoker, alleges that the plaintiff's exposure to asbestos was the result of living with another person who, if the tort action had been filed by the other person, would have met the requirements specified in division (C)(1)(c) of this section, and alleges that the plaintiff lived with the other person for the period of time specified in division (GG) of section 2307.91 of the Revised Code, the plaintiff is considered as having satisfied the requirements specified in division (C)(1)(c) of this section.

(D)(1) No person shall bring or maintain a tort action alleging an asbestos claim that is based upon a wrongful death, as described in section 2125.01 of the Revised Code of an exposed person in the absence of a prima-facie showing, in the manner described in division (A) of section 2307. 93 of the Revised Code, that the death of the exposed person was the result of a physical impairment, that the death and physical impairment were a result of a medical condition, and that the deceased person's exposure to asbestos was a substantial contributing factor to the medical condition. That prima-facie showing shall include all of the following minimum requirements:

(a) A diagnosis by a competent medical authority that exposure to asbestos was a substantial contributing factor to

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

USG B 0308

R.C. § 2307.92

the death of the exposed person;

(b) Evidence that is sufficient to demonstrate that at least ten years have elapsed from the date of the deceased exposed person's first exposure to asbestos until the date of diagnosis or death of the deceased exposed person. The ten-year latency period described in this division is a rebuttable presumption, and the plaintiff has the burden of proof to rebut the presumption.

(c) Either of the following:

(i) Evidence of the deceased exposed person's substantial occupational exposure to asbestos;

(ii) Evidence of the deceased exposed person's exposure to asbestos at least equal to 25 fiber per cc years as determined to a reasonable degree of scientific probability by a scientifically valid retrospective exposure reconstruction conducted by a certified industrial hygienist or certified safety professional based upon all reasonably available quantitative air monitoring data and all other reasonably available information about the deceased exposed person's occupational history and history of exposure to asbestos.

(2) If a person files a tort action that alleges an asbestos claim based on a wrongful death, as described in section 2125.01 of the Revised Code, of an exposed person, alleges that the death of the exposed person was the result of living with another person who, if the tort action had been filed by the other person, would have met the requirements specified in division (D)(1)(c) of this section, and alleges that the exposed person lived with the other person for the period of time specified in division (GG) of section 2307.91 of the Revised Code in order to qualify as a substantial occupational exposure to asbestos, the exposed person is considered as having satisfied the requirements specified in division (D)(1)(c) of this section.

(3) No court shall require or permit the exhumation of a decedent for the purpose of obtaining evidence to make, or to oppose, a prima-facie showing required under division (D)(1) or (2) of this section regarding a tort action of the type described in that division.

(E) No prima-facie showing is required in a tort action alleging an asbestos claim based upon mesothelioma.

(F) Evidence relating to physical impairment under this section, including pulmonary function testing and diffusing studies, shall comply with the technical recommendations for examinations, testing procedures, quality assurance, quality control, and equipment incorporated in the AMA guides to the evaluation of permanent impairment and reported as set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1, Part A, Sec. 3.00 E. and F., and the interpretive standards set forth in the official statement of the American thoracic society entitled "lung function testing: selection of reference values and interpretive strategies" as published in American review of respiratory disease, 1991:144:1202-1218.

(G) All of the following apply to the court's decision on the prima-facie showing that meets the requirements of division (B), (C), or (D) of this section:

(1) The court's decision does not result in any presumption at trial that the exposed person has a physical impairment that is caused by an asbestos-related condition.

(2) The court's decision is not conclusive as to the liability of any defendant in the case.

(3) The court's findings and decisions are not admissible at trial.

(4) If the trier of fact is a jury, the court shall not instruct the jury with respect to the court's decision on the prima-facie showing, and neither counsel for any party nor a witness shall inform the jury or potential jurors of that showing.

(2004 H 292, eff. 9-2-04)

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

USG B 0309

**R.C. § 2307.92**

UNCODIFIED LAW

2004 H 292, § § 3, 4, 6 and 7: See Uncodified Law under 2307.91.

CROSS REFERENCES

Final order, 2505.02

**R.C. § 2307.92,** OH ST § 2307.92

Current through 2005 File 13 of the 126th GA (2005-2006) apv. by 5/17/05

Copr. © 2005 Thomson/West.

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**USG B 0310**