# EXHIBIT C

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CONGOLEUM CORPORATION, et al., | ) | Case No. 03-51524 |
| | ) | |
| Debtors. | ) | Jointly Administered |

**ORDER GRANTING IN PART AND DENYING IN PART CNA'S**
**MOTION TO CONDUCT DISCOVERY PURSUANT TO RULE 2004**

The relief set forth on the following number pages two (2) and three (3) is hereby **ORDERED**.

**DATED:**


Kathryn C. Ferguson

Judge, United States Bankruptcy Court


**DATED: 7/7/2004**

Honorable Kathryn C. Ferguson
United States Bankruptcy Judge

(Page 2)

Debtors: Congoleum Corporation, *et al.*

Case No.:        03-51524 (KCF)

Caption of Order:        ORDER GRANTING IN PART AND DENYING IN PARTY CNA'S

MOTION TO CONDUCT DISCOVERY PURSUANT TO RULE 2004 [DI

#____]

Upon consideration of the Motion (the "Motion") of Continental Insurance Company and Continental Casualty

Company (collectively, "CNA") for discovery pursuant to Federal Rule of

Bankruptcy Procedures 2004 ("Rule 2004") the various objections to the Motion

and/or Motions to Quash filed with this Court by certain of the law firms

representing asbestos personal injury claimants against these bankruptcy estates

(the "Objecting Firms"); the Objection filed by the Official Committee of

Unsecured Creditors; CNA's Reply to the Objections (the "Reply")1; and the

statements and arguments of counsel at the hearing on the Motion held in open

court on June 14, 2004 (the "Hearing"); for the reasons stated by this Court at

the Hearing, and the Court having jurisdiction pursuant to 28 U.S.C § 1334, it is

hereby:

ORDERED that the various objections to the Motion by the Objecting Firms and the Committee are

overruled and the Motion is granted except as set forth below; and it is further

ORDERED that, pursuant to Rule 2004 of the Bankruptcy Rules of Procedure, CNA shall be permitted to

seek the discovery set forth in the attached Rider to CNA's Rule 2004 Motion (previously attached as Exhibit B to

the Reply) from the 55 firms identified in Exhibit D to the Motion ("the Producing Firms"), copies of which are

attached hereto and incorporated by reference herein, with the exception that CNA shall not be entitled to any

duplicative document production pursuant to the Motion that CNA has already obtained from Kenesis or any party

in this or any other related litigation. Moreover, with respect to documents that any Producing Firm contends it

previously produced to Kenesis ("Kenesis Documents") and which it believes CNA can or has obtained from

Kenesis, the Producing Firm shall confirm in writing at the time of its production to CNA that it has produced to

*Approved by Judge Kathryn C. Ferguson  July 07, 2004*

CNA all responsive documents other than the Kenesis Documents. Likewise, to the extent that a Producing Firm claims that is has produced pursuant to a third-party's discovery requests in this litigation or the state court coverage action documents ("Third Party Documents") responsive to the requests set forth in the Rider in lieu of producing those documents to CNA, the Producing Firm shall identify: (1) what Third Party Documents were produced; (2) the party to whom such Third Party Documents were produced; (3) when the Third Party Documents were produced; and (4) authorize the Third Party(s) to provide copies of the Third Party Documents to CNA.

ORDERED, that in lieu of producing to CNA the documents requested in request number 6 in the Rider, any Producing Firm may, in the alternative, identify for each Claimant for whom CNA is seeking documents relating to from the Producing Firm: (1) the aggregate cash settlement amount for each Claimant; and (2) the total number of cash settlements for each Claimant; and it is further

ORDERED, that the Producing Firms may, at their election, request that CNA view all original x-rays or pathology samples at the Producing Firm's office and, if so, make such x-rays available for copying at a local copying service in the event CNA requests a copy of any such x-rays.

SO ORDERED.

CHI99 4315476-3.041537.0017

*Approved by Judge Kathryn C. Ferguson  July  07, 2004*

1 Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion and the Reply.

## RIDER TO CNA'S RULE 2004 MOTION

I.     **Instructions**

   1.     It is requested that You produce each document referred to below that:

   (a)     is within Your actual or constructive possession, custody, or control; or

   (b)     is within the possession, custody or control of You or any of Your present or former attorneys, accountants, representatives, consultants, agents, employees, investigators, or anyone else acting or purporting to act on Your behalf.

   2.     All Documents You produce will be subject to any stipulation and protective order to which the parties may agree in this case.

   3.     If You are aware of the existence of any Documents that You are unable to produce, identify each such document and set forth whether the document:

   (a)     has been destroyed;

   (b)     has been lost, misplaced, or stolen; or

   (c)     has never been or is no longer in Your possession, custody or control, in which case the name and address of any person or entity known or believed by You to have possession, custody, or control of that document or category of document should be identified. In each such instance, explain the circumstances surrounding the disposition of each such document and state the date or approximate date thereof.

   4.     **These Requests do not seek documents or things protected by the attorney/client, work-product, or any other applicable privilege.** If any claim of privilege is asserted with respect to any document which is the subject of any request herein, please state the following information with respect to each such document:

   (a)     A description of the type of document (e.g., letter, memorandum, report, or any other category of document set forth in the definition of "document," *supra*) and the subject matter of such document with sufficient particularity to enable the same to be identified and to explain the privilege asserted;

   (b)     The basis upon which the Claim of privilege is made, with citation to controlling legal authority supporting Your assertion of that privilege;

   (c)     The date the document was prepared and sent;

   (d)     The number of pages of the document and any attachments to the document;

   (e)     The identity of each person who prepared the document;

   (f)     The identity of the person who signed the document, or on whose behalf the document was signed;

   (g)     The identity of each person who originated, circulated, or published the document or on whose behalf the document was originated, circulated, or published;

(h)     The identity of each person who was an addressee of the document or to whom the document was directed or sent; and

(i)     The identity of each person presently in possession, custody, or control of the document.

5.     This request requires the production of Documents in the same form and in the same order as they existed prior to production or organized and labeled to correspond with the particular demands set forth below. If the former method is chosen, the Documents are to be produced in the boxes, file folders, bindings or other containers in which the Documents are found. The titles, labels or other descriptions on the boxes, file folders, bindings, or other containers are to be left intact.

6.     Documents may be produced at the designated location, or any other mutually agreeable location upon conferral and agreement of You and the requesting entity.

## II.     Definitions

1.     The term "ABI" means American Biltrite, Inc.

2.     The term "Claim" means any Claim or demand made against Congoleum or ABI for personal injuries resulting from exposure to asbestos or asbestos-containing products.

3.     The term "Claimant" refers to each individual identified in **Exhibit A** to this rider, individually and/or collectively.

4.     The term "Claimant Agreement" means the "Settlement Agreement Between Congoleum Corporation and Various Asbestos Claimants" that is Exhibit E to the Disclosure Statement for the October 27, 2003 Prepetition Solicitation of Votes With Respect to the Joint Prepackaged Plan of Reorganization Under Chapter 11 of the Bankruptcy Code of Congoleum Corporation, Congoleum Sales, Inc., and Congoleum Fiscal, Inc., submitted by Debtors pursuant to section 1125 of the Bankruptcy Code.

5.     The term "Collateral Trustee" means Arthur J. Pergament.

6.     The term "Communication" means any oral, written, visual, or electronic transmission of information, including, but not limited to, letters, correspondence, e-mails, conversations, meetings, discussions, telephone calls, telegrams, telecopies, telexes, conferences, messages, notes, photographs, drawings, or other visual reproductions or memoranda.

7.     The term "Congoleum" means each of Congoleum Corporation, Congoleum Sales, Inc. and Congoleum Fiscal Inc. and their present or former officers, executives, partners, directors, trustees, employees, attorneys, agents, representatives, and all other persons acting or purporting to act on their behalf, and any of their parent corporations, subsidiaries, affiliates, divisions, predecessors, and successors in interest. The term "Debtor" may also from time to time be used to mean these entities collectively.

8.     The term "Document" or "Documents" means anything that is in written form or that is a tangible recording of speech, sounds, pictures, words, or symbols, however produced or reproduced, including the originals (or any copies when originals are not available) and any other non-identical copies (whether different from the originals because of notes made on such copies, because of indications that said copies were sent to different individuals than to those to whom the originals were sent, or because of

any other reason), including, but not limited to, working papers, drafts, designs, drawings, diagrams, schematics, correspondence, email, memoranda, telegrams, notes, notebooks, compilations, computer inputs or runs, computer discs or tapes, agreements, guidelines, manuals, videocassettes or tapes, audiocassettes or tapes, audiodiscs, calendars, reports, minutes of meetings, appointment records, diaries, investigation reports, evaluations, studies, analyses, invoices, financial or accounting records, financial calculations, transcripts, court pleadings, lists, reports of telephone or other oral conversations, desk calendars, appointment books, and telephone logs, or in the broadest sense as set forth in the Federal Rules of Evidence.

9.      The term "Future Claims Representative" means R. Scott Williams.

10.     The term "Pre-petition Asbestos Claimants' Committee" includes each of its present or former officers, executives, partners, directors, trustees, employees, attorneys, agents, representatives, and all other persons acting or purporting to act on its behalf.

11.     The terms "Relating to" or "Regarding" mean consisting of, summarizing, describing, referring to, constituting, identifying, evidencing, concerning, pertaining to, stating, embodying, supporting, memorializing, mentioning, alluding to, referencing or analyzing.

12.     The terms "You," and "Your" refers to the law firm or lawyer identified on the face of the attached Subpoena, including any of its present or former employers (including their successors and predecessors in interest), employees, attorneys, accountants, agents, consultants, experts, representatives, investigators, or any other person acting or purporting to act on its behalf.

**III.    Documents and Things to Be Produced**

1.      All medical records relating to each Claimant's Claim of asbestos personal injury, including but not limited to:

        (a)     x-rays, CT scans, MRIs or any other medical imaging;

        (b)     pulmonary function tests;

        (c)     personal, medical and smoking histories;

        (d)     pathology reports, including but not limited to tissue slides, tissue blocks, cytology and photomicrographs;

        (e)     lung or other tissue digestion studies, including all filters from such studies;

        (f)     diagnoses of asbestos personal injury;

        (g)     all expert reports; and

        (h)     all medical history forms or product identification forms completed by or on behalf of each Claimant in connection with any medical examination.

2.      The following pleadings and discovery:

        (a)     Claimant's responses to interrogatories and requests to admit; and

(b)     the depositions of each Claimant, each Claimant's medical experts, each Claimant's physicians and each Claimant's co-workers.

3.     Documents relating to each Claimant's verified statement of exposure to a Congoleum product, as described and required in ¶ I.B.2 of the Claimant Agreement, including but not limited to documents relating to each Claimant's occupational history, and/or invoices, receipts or sales records for Congoleum products at Claimant's home or workplace.

4.     All other Documents submitted to Kenesis, Clearinghouse or any other entity in connection with or in support of each Claimant's Claim submitted for approval, payment or settlement under the Claimant Agreement not encompassed in Requests 1-3, including all executed Claimant Agreements.

5.     To the extent the Congoleum Claim Form for each Claimant indicates that the Claimant is relying upon evidence submitted in AC&S, all documents submitted in AC&S upon which the Claimant relied in connection with his Congoleum Claim. If Claimant did not so rely, this Request does not apply.

6.     Documents relating to or reflecting amounts paid to each Claimant by any entity or received by each Claimant from any entity in settlement or satisfaction of a claim for asbestos personal injury.

7.     Communications between You, on the one hand, and Kenesis, Clearinghouse, the Future Claimants' Representative, the Pre-petition Asbestos Claimants' Committee or the Collateral Trustee, on the other hand, relating to each Claimant's Claim.

CH\99 4303138-1.059218.0074

## EXHIBIT D

Law Offices of Peter G. Angelos
100 North Charles Street
22nd Floor
Baltimore, MD 21201

Baron & Budd, PC
3102 Oak Lawn Ave.
Suite 1100
Dallas, TX 75219

Barton & Williams
3007 Magnolia Street
Pascagoula, MS 39567

Bergman, Senn, Pageler & Frocks
17530 Vashon Highway SW
Vashon, WA 98070

Brayton & Purcell
222 Rush Landing Rd.
Novato, CA 94945

Brown & Gould
7700 Old Georgetown Road
Suite 500
Bethesda, MD 20814

Campbell, Cherry, Harrison, Davis & Dove, P.C.
5 Ritchie Road
Waco, TX 76712

Cascino Vaughan Law Offices
220 South Ashland Ave.
Chicago, IL 60607

Carlile Law c/o David Scott Carlile
400 South Alamo Blvd.
Marshall, TX 75670

Coady Law Firm (f/k/a Coady & Associates)
205 Portland Street
Boston, MA 02114

Brent Coon and Associates
3550 Fannin Street
Beaumont, TX 77701

Cooney & Conway
120 N. LaSalle Street
Suite 3000
Chicago, IL 60602

The David Law Firm, P.C.
10655 Six Pines Drive
#260
The Woodlands, TX 77380

Donaldson and Black, P.A.
208 West Wendover Ave.
Greensboro, NC 27401

Early Ludwick Sweeney Strauss (f/k/a Early
Ludwick Sweeney)
One Century Tower
265 Church Street
New Haven, CT 06508

Ferraro & Associates
4000 Ponce De Leon Blvd.
Suite 700
Miami, FL 33146

Goldberg, Persky & White, P.C. (f/k/a Goldberg,
Persky, Jennings)
1030 Fifth Avenue
Pittsburgh, PA 15219

Goldenberg, Miller, Heller, & Antognoli, P.C.
2227 S. State Route 157
Edwardsville, IL 62025

Hobin, Shingler & Simon, LLP
1101 A Street
Antioch, CA 94509

The Law Offices of G. Patterson Keahey
One Independence Plaza
Suite 612
Birmingham, AL 35209

Climaco/Lefkowitz/Peca/Wilcox & Garofoli Co.,
LPA
1228 Euclid Avenue
Suite 900
Cleveland, OH 44115

Taylor & Cire
One Allen Center
Houston, TX 77002

Kelley & Ferraro
1901 Penton Media Building
Cleveland, OH 44114

Laudig George Rutherford & Sipes
156 E. Market Street
Suite 600
Indianapolis, IN 46204

LeBlanc & Waddell, L.L.C.
5353 Essen Lane
Suite 420
Baton Rouge, LA 70809

The Law Offices of David M. Lipman, P.A.
5901 SW 74th Street
Suite 304
Miami, FL 33143

Martin & Jones
410 Glenwood Avenue
Suite 200
Raleigh, NC 27603

Mazur & Kittel, PLLC (f/k/a Mazur, Morgan,
Meyers & Kittel)
30665 Northwestern Highway
Farmington Hills, MI 48346

Morris Sakalarios & Blackwell
201 Hardy Street
Hattiesburg, MS 39401

Motley Rice LLC
1750 Jackson Street
Barnwell, SC 29812

Norris & Phelps
101 Ferguson Street
Hattiesburg, MS 39403

The Parron Firm
404 East First Street
Arlington, TX 76010

Paul, Hanley & Harley
5716 Corsa Avenue
Suite 203
Westlake Village, CA 91362

Paul Reich & Myers
1608 Walnut Street
Suite 500
Philadelphia, PA 19103

Peirce, Raimond & Coulter, P.C
2500 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

Porter & Malouf, P.A.
825 Ridgewood Road
Ridgeland, MS 39157

The Pritchard Law Firm, PLLC
934 Jackson Ave.
Pascagoula, MS 39568

SGL Maples (a/k/a Maples Law) (a/k/a Parapro)
1050 S. Jefferson Davis Hwy
Suite 241
New Orleans, LA 70125

Provost Umphrey
490 Park Street
Beaumont, TX 77704

Richardson Patrick Westbrook & Brickman, LLC
(f/k/a Richardson & Patrick)
1730 Jackson Street
Barnwell, SC 29812

Scott & Scott
5 Old River Place
Suite 204
Jackson, MS 39202

Shackelford
2001 Airport Road
Suite 301
Jackson, MS 39232

Shein Law Center, Ltd.
121 South Broad Street
21st Floor
Philadelphia, PA 19107

The Simmons Firm, LLC
707 Berkshire Blvd.
East Alton, IL 62024

Thorton & Naumes LLP
100 Summer Street
30th Floor
Boston, MA 02110

Trine & Metcalf, P.C.
1435 Arapahoe Avenue
Boulder, CO 80302

Wallace & Graham
525 N. Main Street
Salisbury, NC 28144

The Wartnick Law Firm
101 California Street
Suite 2200
San Francisco, CA 94111

Waters & Kraus LLP
3319 McKinney Ave.
Dallas, TX 75204

Watson & Heidelberg, P.A.
520 East Capitol Street
Jackson, MS 39201

Weitz & Luxenberg, P.C.
180 Maiden Lane
New York, NY 10038

Wellborn, Houston, Adkison, Mann, Sadler & Hill,
L.L.P. (f/k/a Wellborn)
300 West Main Street
Henderson, TX 75653

White & Associates
1136 Ballena Blvd.
Suite D
Alameda, CA 94501

Wilentz Goldman & Spitzer (f/k/a Wilentz)
88 Pine Street
New York, NY 10005

Wm. Roberts Wilson
213 Katherine Drive
Flowood, MS 39232