# EXHIBIT T

DOC # 6

SR 8832

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

In re: NEW YORK CITY ASBESTOS LITIGATION

-----------------------------------------------------------x

RICHARD A. ARSENEAULT, et al.,  
        Plaintiffs,

- against -

SEQUOIA VENTURES, INC. f/k/a BECHTEL
CORPORATION, et al.,  
        Defendants.

-----------------------------------------------------------x

Action No. 01-Civ-10657
(McKenna, J.)

New York State Supreme
Court No. 00-120522
(Lebedeff, J.)

### PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO REMAND THIS CASE TO STATE COURT

WEITZ & LUXENBERG, P.C.  
Attorneys for Plaintiffs  
180 Maiden Lane, 17th Fl.  
New York, N.Y. 10038

Of Counsel:  
  Stephen J. Riegel, Esq.

# TABLE OF CONTENTS

| | Page |
|---|---|
| PRELIMINARY STATEMENT | 1 |
| STATEMENT OF FACTS | 3 |
| ARGUMENT | 6 |
| I. SEQUOIA/BECHTEL HAS UNTIMELY FILED ITS NOTICE OF REMOVAL MONTHS AFTER IT FIRST COULD ASCERTAIN THAT THIS CASE WAS REMOVABLE | 6 |
| II. THIS CASE IS NOT REMOVABLE UNDER THE COURT'S DIVERSITY JURISDICTION SINCE SUCH JURISDICTION NOT EXIST AT THE TIME OF THE FILING OF THIS CASE IN STATE COURT, AND AT LEAST ONE NON-DIVERSE DEFENDANT HAS BEEN INVOLUNTARILY DISMISSED BY THE STATE COURT JUDGE | 10 |
| III. SEQUOIA/BECHTEL HAS FALLEN WELL SHORT OF ITS HEAVY BURDEN TO SHOW THAT DEFENDANTS RAPID-AMERICAN AND EMPIRE-ACE HAVE BEEN FRAUDULENTLY JOINED TO DEFEAT REMOVAL JURISDICTION IN THIS CASE | 12 |
| IV. PLAINTIFFS SHOULD BE AWARDED THEIR COSTS AND EXPENSES IN OPPOSING SEQUOIA/BECHTEL'S MERITLESS AND UNTIMELY REMOVAL OF THIS CASE | 16 |
| CONCLUSION | 17 |

## STATEMENT OF FACTS

It has been this firm's practice over the many years of this consolidated litigation in New York Supreme Court, which has involved thousand of asbestos personal injury suits, to file a Standard Asbestos Complaint against a general list of numerous (currently approximately 100) defendants, which have been identified as making, selling, using, incorporating, installing, or providing premises with asbestos or asbestos products. The causes of action in the complaint are stated generally and jointly against all the defendants: "During the course of [plaintiff's] employment, plaintiff was exposed to the defendants' asbestos and asbestos containing materials to which exposure directly and proximately caused him to develop an asbestos related disease." See Standard Asbestos Complaint, ¶160, a copy of which is appended in Exhibit A of Sequoia/Bechtel's Notice of Removal. The claims include negligent failure to warn, breach of express and implied warranties, defective product design, breach of duty to provide a safe and proper workplace, and loss of consortium.

As discovery proceeds, including interrogatories, document requests, and the depositions of Plaintiffs and other witnesses, many defendants are dismissed out of each case through various procedures. Some of the defendants are not served with the complaint, some are "stipulated out" of the case, and some file motions to dismiss or for summary judgment, which are either opposed or not opposed by the Plaintiff. When the motions are opposed by Plaintiff, an order typically is issued by the court granting or denying the motion.

The relevant facts and procedural history of Plaintiffs Arseneaults' case for purposes of this motion are as follows: Plaintiffs' filed a standard Complaint against numerous defendants,

3

## CONCLUSION

For the reasons presented here, Plaintiffs' motion to remand this case to New York State Supreme Court and for the payment of Plaintiffs' costs and expenses should be granted.

Dated: New York, N.Y.
December 19, 2001

Respectfully submitted,

WEITZ & LUXENBERG, P.C.
Attorneys for Plaintiffs
180 Maiden Lane, 17th Fl.
New York, N.Y. 10038

By: _____
Stephen J. Riegel
(212) 558-5838

17