# EXHIBIT B

```
 1                    UNITED STATES DISTRICT COURT
                      SOUTHERN DISTRICT OF TEXAS
 2                       CORPUS CHRISTI DIVISION
 3
 4
 5    IN RE:                    )
                                )     CASE NO: MDL-03-1553
 6                              )
                                )     Corpus Christi, Texas
 7    SILICA PRODUCTS           )
      LIABILITY LITIGATION      )     Monday, August 22, 2005
 8                              )     (9:15 a.m. to 11:17 a.m.)
                                )
 9                              )
                                )
10
11                          STATUS CONFERENCE
12
13          BEFORE THE HONORABLE JANIS GRAHAM JACK,
                 UNITED STATES DISTRICT COURT JUDGE
14
15
16    Appearances:    (See next page)
17
18
19
20
21
22
23
24
      Proceedings recorded by electronic sound recording;
25    transcript produced by transcription service.
```

## Page 2

| | APPEARANCES FOR: | |
|---|---|---|
| 3 | Bacou-Dalloz: | VINCENT R ALMERICO, III, ESQ<br>Hopkins Barvie & Hopkins<br>2701 24th Avenue<br>P.O. Box 1510<br>Gulfport, MS 39502 |
| 6 | Vallen Corp.: | WALTER C MORRISON, IV, ESQ<br>Seasums Dallas & Morrison, PLLC<br>2829 Lakeland Drive, Suite 1650<br>Jackson, MS 39232 |
| 9 | Parmelee, U.S. Safety: | DAVID CRAIG LANDIN, ESQ<br>Hunton & Williams<br>951 East Byrd Street<br>Richmond, VA 23219 |
| 11 | MSA: | KAREN K MASTON, ESQ<br>Connelly Baker Wotring et al<br>700 Louisiana, Suite 1850<br>Houston, TX 77002 |
| 13 | Lockheed Martin: | GREGORY L FOWLER, ESQ<br>Shook Hardy & Bacon<br>2555 Grand Blvd.<br>Kansas City, MO 64108 |
| 16 | Catapham, et al.: | W MARK EDWARDS, ESQ<br>Page Mannino Peresich, et al.<br>759 Vieux Marche' Mall<br>P.O. Drawer 289<br>Biloxi, MS 39533 |
| 19 | J J Ferguson Sand & Gravel, et al.: | JOE E BASENBERG, ESQ<br>Hand Arendall<br>3000 Amsouth Bank Bldg.<br>107 St. Francis St.<br>Mobile, AL 36602 |
| 22 | Defendants' Steering Committee: | CHERI D GREEN, ESQ<br>Brunini Grantham, et al.<br>P.O. Drawer 119<br>Jackson, MS 39205 |

## Page 3

| | APPEARANCES FOR: (Cont'd) | |
|---|---|---|
| 3 | Textron, et al.: | ROY T ATWOOD, ESQ<br>KATHRYN OAMEROS, ESQ<br>Jones Day<br>2727 N. Harwood Street<br>Dallas, TX 75201 |
| 6 | Wedron Silica-Ohio: | L JOHN ARGENTO, ESQ<br>Two PPG Place, Suite 400<br>Pittsburg, PA 15222 |
| 8 | U.S. Silica, et al | MICHAEL J CARTEE, ESQ<br>Cartee & Lloyd<br>2210 8th Street, Suite B<br>Tuscaloosa, AL 35401 |
| 10 | Vulcan Materials Co.: | BRUCE WILLIAMS, ESQ<br>Cotton Bledsoe Tighe & Dawson<br>Post Office Box 2776<br>Midland, TX 79702 |
| 12 | Martin Marietta Materials: | VICTOR FRANCKIEWICZ, JR. ESQ<br>Deutsch Kerrigan & Stiles<br>2510 14th St., Suite 1001<br>Gulfport, MS 39501 |
| 15 | Humble Sand Co., et al.: | DAVID M SETTER, ESQ<br>Socha Perczak Setter & Anderson<br>Denver Financial Center Tower 1<br>1775 Sherman Street, Suite 1925<br>Denver, CO 80203 |
| 18 | Humble Sand Co., et al. | FRED KRUTZ, ESQ<br>DANIEL J MULHOLLAND, ESQ<br>BRIAN HANNULA, ESQ<br>Forman Perry Watkins, et al.<br>One Jackson Place<br>188 East Capitol Street, #700<br>Jackson, MS 39201 |
| 22 | Liaison counsel for Defendants: | DARRELL L BARGER, ESQ<br>Hartline Dacus Barger Dreyer & Kern<br>800 N. Shoreline<br>Suite 2000-North Tower<br>Corpus Christi, TX 78401 |

## Page 4

| | APPEARANCES FOR: (Cont'd) | |
|---|---|---|
| 3 | 3M Company: | J WILLIAM MANUEL, ESQ<br>Bradley Arant<br>Suite 450, One Jackson Place<br>188 East Capitol Street<br>P.O. Box 1789<br>Jackson, MS 39215 |
| 6 | 3M Company: | J.A. "TONY" CANALES, ESQ<br>Canales & Minonsco<br>2601 Morgan Avenue<br>P.O. Box 5624<br>Corpus Christi, TX 78465 |
| 9 | Robert Martin, et al.<br>(Attorney-In-Charge) | SCOTT A HOOPER, ESQ<br>Scott Hooper & Associates<br>1414 West Clay<br>Houston, TX 77019 |
| 11 | Plaintiffs' Steering Committee: | KATHRYN SNAPKA, ESQ<br>Snapka & Turman<br>P.O. Drawer 23017<br>Corpus Christi, TX 78403 |
| 14 | Certain Plaintiffs: | RICK LAMBNACK, ESQ<br>BUFFY K MARTINES, ESQ<br>O'Quinn Laminack & Pirtle<br>440 Louisiana, Suite 2300<br>Houston, TX 77002 |
| 17 | Envirotech Corp.: | STEPHEN W MULLINS, ESQ<br>Law Offices of Alwyn H Luckey<br>P.O. Box 774<br>Ocean Springs, MS 39564 |
| 19 | Plaintiffs' Steering Committee: | GREGORY GOWAN, ESQ<br>Watts Law Firm<br>Tower II Bldg., 14th Floor<br>555 N. Carancahua St.<br>Corpus Christi, TX 78478 |
| 22 | Eugene Williams, et al.: | PATRICK McMURTRAY, ESQ<br>McMurtray & Armistad<br>P.O. Box 22508<br>Jackson, MS 39225 |

## Page 5

| | APPEARANCES FOR: (Cont'd) | |
|---|---|---|
| 3 | Elijah Jackson, et al.: | R. ALLEN SMITH, JR, ESQ<br>JUSTIN G SANDERSON, ESQ<br>McPherson Monk Hughes, et al.<br>3120 Central Mall Drive<br>Port Arthur, TX 77642 |
| 6 | E.D. Bullard Co.: | ABEL MANJI, ESQ<br>3618 Mt. Vernon<br>Houston, TX 77006 |
| 8 | Briggs-Weaver, Inc.: | GEORGE PLATO PAPPAS, ESQ<br>Sheehy Serpe & Ware<br>2500 Two Houston Center<br>909 Fannin Street<br>Houston, TX 77010 |
| 11 | Lites's Quarry: | JOSEPH P HUMMEL, ESQ<br>Lynch Cox Gilman & Mahan<br>500 West Jefferson Street<br>Suite 2100<br>Louisville, KY 40202 |
| 14 | Akrochem Belleview Barbe: | ANN E GEORGEHEAD, ESQ<br>ROBERT Y GWIN, ESQ<br>Frost Brown Todd<br>400 W. Market St., 32nd Floor<br>Louisville, KY 40202 |
| 17 | Unimin Corp., et al.: | J.D. BASHLINE, ESQ<br>McLeod Alexander Powel & Apffel<br>Onyx Building, Suite 344<br>17225 El Camino Real<br>Houston, TX 77058 |
| 20 | Porter Warner: | JIM I GRAVES, ESQ<br>Mehaffy & Weber<br>One Allen Center<br>500 Dallas, Suite 1200<br>Houston, TX 77002 |
| 23 | U.S. Silica Company: | STEVEN L RUSSELL, ESQ<br>Beirne Maynard & Parsons<br>1700 Pacific Avenue, Suite 4400<br>Dallas, TX 75201 |

## Page 6

APPEARANCES FOR: (Cont'd)

| Party | Counsel |
|---|---|
| Survivair, Inc.: | HUBERT OXFORD, ESQ<br>Benckenstein & Oxford<br>Post Office Drawer 150<br>Beaumont, TX 77704 |
| Schramm: | NANCY M BELL, ESQ<br>Roberts Markel Guerry<br>2500 City West Blvd., #1350<br>Houston, TX 77042 |
| Air Liquide et al.: | DENNIS R ALENIK, ESQ<br>Alenik & Associates<br>1584 Katy Pkwy., Suite 431<br>Houston, TX 77024 |
| Pauli & Griffin: | DAVID A BADERTCHER, ESQ<br>Meyer Knight & Williams<br>8100 Washington Ave., #1000<br>Houston, TX 77007 |
| Ideal Basic & Thorstenberg: | ENRIQUE M VARELA, ESQ<br>Taylor & Warren<br>4600 Three Allen Center<br>333 Clay Street<br>Houston, TX 77002 |
| Certain Plaintiffs: | JOHN R FABRY, ESQ<br>Williams Bailey<br>8441 Gulf Freeway, Suite 600<br>Houston, TX 77017 |
| Sphinx Adsorbents: | VICTOR T AVELLINO, ESQ<br>7912 Bonhomme, Suite 400<br>St. Louis, MO 63105 |
| U.S. Attorney: | KENNETH CUSICK, ESQ<br>Assistant U.S. Attorney<br>800 N. Shoreline, Suite 500<br>Corpus Christi, Texas 78401 |

## Page 7

ADDITIONAL APPEARANCES:

Also present:       JASON CANSLER, ESQ
                    GLENN DOUGLAS, ESQ
Court Recorder:     Velma Gano
Transcribed By:     Exceptional Reporting Services
                    15213 Cartagena Ct.
                    Corpus Christi, TX 78418
                    361 949-2988

## Page 8

1  Corpus Christi, Texas; Monday, August 22, 2005; 9:15 a.m.
2           (Call to Order)
3           THE COURT: Thank you. You may be seated.
4  I apologize for the delay.
5           THE CLERK: Court calls MDL 03-1553, In Re: Silica
6  Litigation
7           May I have appearances, please?
8           MS. SNAPKA: Kathy Snapka, Plaintiff Liaison
9  Counsel. Present, your Honor.
10          MR. BARGER: Darrell Barger, Defense Liaison
11 Counsel. Present, your Honor.
12          THE COURT: Since you all have a copy of the agenda,
13 can you give me an update enough that there is a direct
14 communication with the Mississippi Supreme Court? Does anybody
15 have any heads up on that at all?
16          MR. KRUTZ: Good morning, your Honor.
17          THE COURT: Good morning.
18          MR. KRUTZ: The briefing was concluded on Friday, so
19 the petitions have all been briefed by all parties. It's in the
20 hands of the court, and that's all we know.
21          THE COURT: Okay.
22          MR. KRUTZ: Just as a heads up, your Honor, I think
23 the cases on Exhibit A under your present orders are to be
24 remanded August 30th.
25          THE COURT: Yes

## Page 9

1           MR. KRUTZ: If by the end of this week we have not
2  heard from the Mississippi Supreme Court, we will be filing a
3  Motion for an additional 30 days.
4           THE COURT: Why thank you.
5           MR. HOOPER: Your Honor, Scott Hooper here.
6  To advise the Court, we've advised the Mississippi
7  Supreme Court that they should not proceed because under Title
8  28, United States Code, Section 1446(d), as long as this Court
9  intends to exert jurisdiction over those cases, the State Court
10 is barred from acting in those cases.
11          So it's to further the ends that the Defendants are
12 seeking.
13          THE COURT: Well, I don't know how they're going to
14 go with that after I've already said in my order I don't have
15 jurisdiction over them. And that will clear the way for them to
16 do whatever they want to do in the interest of efficiency, but I
17 understand your argument.
18          MR. HOOPER: Okay. Under 1446(d), though, as long
19 as this Court holds -- hold onto cases --
20          THE COURT: Save it for Mississippi. Thanks.
21          MR. HOOPER: Okay.
22          THE COURT: I got it. Thank you.
23          Next, the Motion to Remand and I think there are 12
24 -- well, I have 17 remaining cases. I have gone ahead and
25 dismissed Nix -- let me make sure I've got it right, no, sorry

Page 58

1  them, you may
2      MR. MULHOLLAND: Well, the -- it's more of the same.
3  Of the -- and this gets nightmarish because there are
4  plaintiffs in the first petition that don't appear in the Second
5  Petition. They reappear in the Third Petition.
6      THE COURT: I know. It's a mess.
7      MR. MULHOLLAND: But suppose there are about 82 that
8  purport to have new diagnoses and I think that's right -- 60
9  percent of those are retreads. They've also got asbestosis
10 claims.
11     Now in reference to our motion that we're talking
12 about the, the Order 25 Motion, those documents have not been
13 produced, and obviously it's critical to this claim for
14 silicosis that we have their prior asbestosis claims. 33 --
15     THE COURT: Mr. Laminack, do you have those by the
16 way?
17     MR. LAMINACK: Pardon me, your Honor?
18     THE COURT: In the Alexander and Mr. Mulholland is
19 saying that -- how many -- what percentage of those?
20     MR. MULHOLLAND: Sixty of 82, 73 percent.
21     THE COURT: Sixty of 82 have also previously had
22 asbestosis claims; is that correct?
23     MR. LAMINACK: I have no idea, your Honor. I'm not
24 aware of this. What I can say is, we never, never represented
25 an asbestos claimant and then turned around and retread it as a

Page 59

1  silicosis claimant. We never, ever did that.
2      THE COURT: But Mr. Mulholland is saying that
3  somebody else did.
4      MR. LAMINACK: Now we have gone to --
5      THE COURT: But that the 70-something percent of
6  these remaining Plaintiffs also have a claim for asbestosis.
7      MR. LAMINACK: Okay. We have gone to great lengths
8  to inquire of our clients whether or not they ever had an
9  asbestos claim.
10     THE COURT: Do you have the names?
11     MR. MULHOLLAND: Yes, your Honor. I have a
12 spreadsheet that lists them all out.
13     THE COURT: Let's do that. Let's just read them in.
14     MR. MULHOLLAND: And --
15     THE COURT: This is what we did at the February
16 hearing.
17     MR. LAMINACK: I understand that and when we got the
18 names at the February hearings, we wrote those clients letters.
19 We said, "Who is your lawyer? Did you have an asbestos lawyer?"
20 When we got that information, we wrote the lawyers. We said,
21 "Please provide that information. We're under Court Order to
22 turn it over."
23     In some cases we got it. In some cases we didn't
24 get it from the lawyers.
25     THE COURT: And here we are -- here we are in

Page 60

1  August. Okay. Just -- you want to put it on the overhead
2  screen?
3      MR. LAMINACK: So in short, we've given them
4  everything we have.
5      MR. MULHOLLAND: Your Honor, as a suggestion and
6  I'll do obviously whatever you like, we'd be willing this
7  afternoon or tomorrow to provide him a list of the Plaintiffs
8  that have asbestos claims. The lawyers that represent them --
9  the cases they were and so forth.
10     THE COURT: Just put them on the overhead. Let me
11 see them on the Elmo.
12     What information do you have?
13     Mr. Mulholland, has the Plaintiff's Attorney in
14 Alexander given you the information from the asbestosis claims?
15     MR. MULHOLLAND: No. We have three different --
16     THE COURT: Any of them?
17     MR. MULHOLLAND: I don't -- they identified the --
18 the Court may recall what we call the "O'Quinn 331" just as
19 Plaintiffs who also had asbestos claims, but we don't have any
20 of the underlying --
21     THE COURT: The X-rays, the diagnoses?
22     MR. MULHOLLAND: Correct. We don't have that -- we
23 do not have that, your Honor.
24     MR. BARGER: What are you trying to do?
25     MR. MULHOLLAND: Focus.

Page 61

1      MR. MULHOLLAND: Do that down here.
2      THE COURT: Zoom in and push focus. Zoom in all the
3  way. We'll do it. Ms. Scotch will do it. This is very
4  difficult.
5      (Laughter)
6      MR. KRUTZ: Sit down, Barger.
7      MR. BARGER: I failed again.
8      (Pause)
9      MR. MULHOLLAND: Your Honor, on the left column is
10 the name, and Column A and B is the last and first name of the
11 Plaintiff. Column C is the social security number. Over to the
12 right, beginning at Column K, L, M, and N are information based
13 on either our firm's internal records or the JM Trust, which we
14 were able to determine, the case the Plaintiffs were in, their
15 lawyers historically. You know, this is the information that we
16 have about the asbestos claims.
17     THE COURT: Mr. Laminack, these are your clients.
18 This information you had in February and here we are in August.
19     MR. LAMINACK: Correct. It's information I provided
20 them --
21     THE COURT: And do you have the X-rays from the
22 asbestosis claims? Do you have the medical reports from the
23 asbestosis claims?
24     These are your clients. They were supposed to have
25 identified on their original Fact Sheet, all of these diagnoses,

16 (Pages 58 to 61)

Page 62

1  but apparently failed to do so.
2      Now what you have here is 70-some-odd percent of
3  your clients that have had both a diagnosis, according to you,
4  of silicosis and asbestosis, which when I heard all the experts
5  in February, not a single expert had ever seen a combination of
6  those two. Only Plaintiff's lawyers have seen them.
7      Not a single physician that testified here had ever
8  seen -- they didn't rule out that it wasn't possible, but none
9  of them had ever seen a case of asbestosis and silicosis
10 combined.
11     And so the sanctions that were given originally for
12 this may continue. Those documents should be provided by your
13 clients. I assume that your experts that you've identified are
14 going to explain why some 70 percent of your clients have both
15 silicosis and asbestosis and how that could possibly have
16 occurred, and I just need to give you fair warning about this
17 because this stretches credibility.
18     MR. LAMINACK: Your Honor, I understand and I don't
19 like it, either. I want the Court to know that. I have
20 listened very carefully to everything you've said.
21     THE COURT: I appreciate that.
22     MR. LAMINACK: And I've heard your concerns. And
23     THE COURT: But those were February concerns and --
24     MR. LAMINACK: I totally understand. And you bet my
25 experts are going to explain that. I think the explanation on a

Page 63

1  lot of the cases is the asbestosis diagnosis is wrong.
2      THE COURT: Well, that would be a shame, wouldn't
3  it, that your clients made fraudulent claims in asbestosis and
4  now those same people who made fraudulent claims are trying to
5  make another pneumoconiosis claim here. It -- that impacts
6  their credulity tremendously.
7      I wonder, also, for each of the Plaintiff's lawyers
8  that have these cases, if they have informed their clients once
9  you acquired this diagnosis for your clients that they now have
10 to forever have the diagnosis of a terminal disease, that
11 they're obligated to tell their life insurance carriers. If
12 they acquire new life insurance, if they change health insurance
13 providers, that they have this disease.
14     Do you think that they know this, Mr. Laminack?
15     MR. LAMINACK: Your Honor, that's a very good point.
16 I agree totally with what you're saying.
17     THE COURT: Would you mind standing in front of a
18 microphone? I beg your pardon, Mr. Laminack. There's one on
19 each of the tables -- actually most of the tables, and there's
20 some overhead mikes that don't work because I had to disconnect
21 them to do these, but...
22     MR. LAMINACK: I understand and I agree with what
23 the Court has said. Obviously I don't want to go into what I
24 talked to my clients about --
25     THE COURT: I understand.

Page 64

1      MR. LAMINACK: -- other than to say we have been
2  very candid with our clients about these issues and the
3  repercussions.
4      And your Honor, I've got enough to do. I don't want
5  to represent people that don't have legitimate cases. I don't
6  want to do that. That's not my purpose in being here. All I
7  know is at this point 87 of these Alexander plaintiffs have
8  good, solid Daubert-proof diagnoses of silicosis. They've got
9  it.
10     THE COURT: And 70-some-odd percent of those also
11 had apparently solid Daubert-proof asbestosis diagnoses.
12     Did you print off the document for him?
13     MR. LAMINACK: I doubt that.
14     THE COURT: Pardon?
15     MR. LAMINACK: I doubt that's true.
16     THE COURT: About the asbestosis?
17     MR. LAMINACK: Yes.
18     THE COURT: And Mr. Laminack, you can speak on
19 behalf of your clients about that?
20     MR. LAMINACK: As I say, your Honor, I doubt that. I
21 doubt the numbers, and I doubt the diagnosis.
22     THE COURT: You doubt that they had claims or you
23 doubt that they actually had asbestosis?
24     MR. LAMINACK: Both.
25     THE COURT: Okay. Here are your -- we've printed

Page 65

1  off the three petitions that we're talking about, Mr. Laminack.
2  And one more. There's one more coming, sorry. You can take
3  that, too.
4      MR. LAMINACK: And I'm not -- I'm not taking a
5  cavalier attitude, your Honor, but that's not a problem.
6      THE COURT: Well, I don't hear that.
7      MR. LAMINACK: I know that's a problem.
8      THE COURT: And I appreciate that, Mr. Laminack, but
9  I --
10     MR. LAMINACK: And you can bet I don't want to be
11 here.
12     THE COURT: This is your Court, Mr. Laminack.
13     MR. LAMINACK: In this type of setting.
14     THE COURT: You're welcome here any time and your
15 clients.
16     MR. LAMINACK: Well, I hope this is my courtroom,
17 too, just like it is for the Defendants.
18     THE COURT: It is your courtroom, Mr. Laminack.
19     MR. LAMINACK: And I hope it belongs to my clients,
20 too.
21     THE COURT: It's not my courtroom. It belongs to
22 all of you.
23     Here's the third petition. And if you read them in
24 order, you'll see the problems
25     MR. LAMINACK: I will do that right now, your Honor.

Exceptional Reporting Services, Inc.   361 949-2988

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | | |
|---|---|---|---|
| In re: | ) | Chapter 11 | *Re item 17* *9/29/05* |
| | ) | | |
| W. R. GRACE & CO., et al.,[1] | ) | Case No. 01-1139 (JKF) | |
| | ) | (Jointly Administered) | |
| Debtors. | ) | | |

## CASE MANAGEMENT ORDER FOR THE ESTIMATION OF ASBESTOS PERSONAL INJURY LIABILITIES

WHEREAS, on April 2, 2001, each of the Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"), which have been consolidated for administrative purposes only; and

WHEREAS, on November 13, 2004, the Debtors filed their Motion for Entry of an Order Seeking the Estimation of Asbestos Claims and Certain Related Relief (the "Estimation Motion"); and

---

[1] The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W. R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

WHEREAS, a hearing on the Estimation Motion (the "Estimation Motion Hearing") was held on January 21, 2005; and

WHEREAS, at the Estimation Motion Hearing, the Court ordered the Asbestos Personal Injury Committee, the Futures Claimants Representative (the "FCR"), and the Debtors to negotiate a case management order to govern the estimation of Asbestos Personal Injury Claims (the "PI Estimation"); and

WHEREAS, the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and

WHEREAS, this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and

WHEREAS, venue of this proceeding is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

IT IS HEREBY:

1. ORDERED that the Asbestos Personal Injury Questionnaire (the "Questionnaire"), attached to this Order as *Exhibit A*, is approved; and it is further

2. ORDERED that all holders of Asbestos PI Pre-Petition Litigation Claims are required to complete and serve the Questionnaire; and it is further

3. ORDERED that the following schedule shall govern the deadlines with respect to the Questionnaire:

>    A.  The Debtors shall serve the Questionnaire on counsel of record for all holders of asbestos personal injury claims for which litigation was commenced prior to the Petition Date (the "Asbestos PI Pre-Petition Litigation Claims") (or the holders themselves where not represented by counsel and the holder's identity and address are known) via direct U.S.

2

        mail on or before September 12, 2005 (fourteen calendar days after entry of this Order);[2]

   B.    The Debtors shall mail the Questionnaire to the Office of the United States Trustee, counsel to the official committees appointed in these Chapter 11 Cases, and counsel to the FCR on or before September 12, 2005 (fourteen calendar days after entry of this Order);

   C.    Persons who believe that they hold, or attorneys who believe they represent persons who hold, Asbestos PI Pre-Petition Litigation Claims against any of the Debtors shall complete and serve the Questionnaire on or before 5:00 p.m. (Eastern Standard Time) on January 12, 2006; Questionnaires that are postmarked as mailed on or before January 12, 2006, but are actually received thereafter, will be considered timely served;

   D.    The Debtors' claims processing agent shall compile the Questionnaire information into a navigable database and make it available to the Debtors and any parties in the estimation proceedings, including those parties' experts and advisors, on or before March 13, 2006;[3] and it is further

4.    ORDERED that the Debtors, the official committees, and the FCR will use their best efforts, consistent with their duties, to include in any trust distribution procedures approved as part of a plan of reorganization provisions prioritizing the processing of claims for which Questionnaires have been timely returned as completely and accurately as possible; and it is further

5.    ORDERED that all parties seeking to call one or more experts to testify shall designate the categories to be addressed by such experts on or before November 14, 2005. The categories of experts may be supplemented on or before November 28, 2005; and it is further

6.    ORDERED that all parties seeking to call one or more experts to testify shall designate such expert(s) on or before December 19, 2005. Subsequent to December 19, 2005, a

---

[2] If any date provided in this Order conflicts with the parenthetical description of the number of days, the date listed shall control over the number of days listed in such parenthetical.

[3] Upon request, any of the parties shall have access to the original Questionnaires and documents attached thereto.

3

party, for good cause shown, may substitute and/or add one or more experts not previously designated on or before December 19, 2005; and it is further

7. ORDERED that not later than December 22, 2005, all parties shall each exchange preliminary designations of the non-expert witnesses each intends to call at the Asbestos PI Estimation Hearing. Subsequent to December 22, 2005, a party, for good cause shown, may substitute and/or add one or more non-expert witnesses not previously designated on or before December 22, 2005; and it is further

8. ORDERED that all parties seeking to call one or more experts to testify as to matters other than the number, amount, and value of present and future asbestos claims shall produce and serve a report in compliance with Federal Rule of Civil Procedure 26(a)(2) from each expert on or before February 16, 2006. Such expert reports may be supplemented *or rebutted* on or before April 13, 2006; and it is further

9. ORDERED that all parties seeking to call one or more experts to testify as to an estimated value of the Debtors' Asbestos Personal Injury Claims shall produce and serve a report in compliance with Federal Rule of Civil Procedure 26(a)(2) from each expert on or before April 13, 2006. Such expert reports may be supplemented *or rebutted* on or before June 12, 2006; and it is further

10. ORDERED that a preliminary pre-trial conference on the Asbestos PI Estimation shall be held at the first omnibus hearing after June 30, 2006, at which time the Court may set a final pre-trial conference date in August 2006 and a trial date in September 2006 (the "Asbestos PI Estimation Hearing") for the Asbestos PI Estimation; and it is further

11. ORDERED that all written fact discovery may commence at any time but must be concluded by July 28, 2006; and it is further

4

*new ¶* [Ordered, that the Debtors' experts shall be deposed first, followed by experts of other parties, to be followed by supplemental depositions.]

12. ORDERED that depositions of expert and non-expert witnesses may commence at any time, but must be concluded by July 28, 2006; and it is further

13. ORDERED that, pursuant to Rules 26(a)(3)(A) and 26(a)(3)(B) of the Federal Rules of Civil Procedure, parties shall file a final fact witness/expert list on or before July 28, 2006; and it is further

14. ORDERED that any pre-trial motions, including *motions in limine, Daubert*, and summary judgment motions, shall be filed not later than August 1, 2006. Responses to such motions shall be filed not later than 21 days after the filing of any such motion. Replies shall be filed not later than 7 days after the filing of the response to the motion. [Replies shall be limited to 5 pages.] A hearing on such motions will be at the Court's direction; and it is further

15. ORDERED that on or before 21 calendar days prior to the final pre-trial conference, pursuant to Rule 16.4(d) of the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware (the "Local Rules") and Rule 26(a)(3)(C) of the Federal Rules of Civil Procedure, parties shall file with the Court: (i) a proposed pre-trial order, signed by counsel for each party participating in the PI Estimation; (ii) copies of all exhibits to be offered and all schedules and summaries to be used at the Asbestos PI Estimation Hearing; and (iii) stipulations regarding admissibility of exhibits; and it is further

16. ORDERED that on or before 21 calendar days prior to the final pre-trial conference, pursuant to Rule 26(a)(3)(C) of the Federal Rules of Civil Procedure, parties shall exchange copies of (or, when appropriate, make available for inspection) all exhibits to be offered and all schedules and summaries to be used at the Asbestos PI Estimation Hearing; and it is further

5

17.   ORDERED that any trial briefs shall be filed on or before 21 calendar days prior to the Asbestos PI Estimation Hearing and that no responses thereto shall be allowed; and it is further

18.   ORDERED that notwithstanding anything in this Order, the deadlines specified herein may be extended by consent of the parties or by the Court upon motion of any party participating in the PI Estimation, after notice (which may be shortened and limited by the Court as it deems appropriate) and hearing; and it is further

19.   ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: August 29, 2005

                                                            */s/ JK Fitzgerald*
                                            The Honorable Judith K. Fitzgerald
                                            United States Bankruptcy Judge