## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| USG CORPORATION, | : | Case No. 01-2094 (JKF) |
| a Delaware corporation, *et al.*, | : | |
| | : | Jointly Administered |
| Debtors. | : | |
| | : | |
| _____ | : | |
| USG CORPORATION, *et al.*, | : | |
| | : | |
| Movant | : | |
| | : | |
| v. | : | |
| | : | Civil Action No. 04-1559 (JFC) |
| OFFICIAL COMMITTEE OF | : | Civil Action No. 04-1560 (JFC) |
| ASBESTOS PERSONAL INJURY | : | |
| CLAIMANTS, *et al.*, | : | |
| | : | **Hearing Date: February 9, 2006 at 12:30 p.m.** |
| Respondents | : | |

### OBJECTION OF THE OFFICIAL COMMITTEE OF ASBESTOS PROPERTY DAMAGE CLAIMANTS TO THE STAY OF THE ESTIMATION OF ASBESTOS PERSONAL INJURY CLAIMS

On January 30, 2006, the Debtors announced that they have reached an agreement with the Official Committee of Asbestos Claimants (the "ACC") and the Future Claimants Representative (the "FCR") on the terms of a plan of reorganization (the "Proposed Plan"). They further advised that the salient terms of *their* agreement are set forth in a term sheet (the "Plan Settlement Term Sheet"). Also on January 30, 2006, the Debtors filed their Motion for Stay of Estimation Proceedings (the "Estimation Stay Motion") and Proceedings on Debtors' Voting Rights Motion with the concurrence of the FCR, the ACC, the Official Committee of Unsecured Creditors and the Official Committee of Equity Holders. The only grounds asserted for the relief requested by the Estimation Stay Motion were the fact of the purported settlement and the desirability of avoiding "needless additional expense." Estimation Stay Motion at p. 2.

616668v1 616668v1

At a hearing before this Court on January 30, 2006, the Court acceded to the request of the Official Committee of Asbestos Property Damage Claimants (the "PD Committee") that only a short provisional stay of the these proceedings be entered.  As the PD Committee explained to the Court at the hearing, it was not a party to the agreements reached concerning the Proposed Plan as the parties had chosen not to consult with the PD Committee and that it was not even clear to the PD Committee what plan treatment was being proposed in respect of asbestos property damage claims (the "PD Claims") under the Proposed Plan.  Indeed, the PD Committee referred to the fact of numerous inconsistent and/or ambiguous statements concerning the treatment of PD Claims which left the PD Committee unsure of what was contemplated by plan proponents for the treatment of PD Claims under the Proposed Plan. The PD Committee further apprised the Court that a meeting between the PD Committee and the Debtors to discuss the Proposed Plan had been scheduled for February 2, 2006, in Washington, D.C.

In fact, on February 2, 2006, the *entire* PD Committee and its undersigned counsel traveled to Washington, D.C. to meet with the Debtors as aforesaid.  However, the only attendees on behalf of the Debtors were two members of the law firm of Morgan Lewis & Bockius, which has historically represented the Debtors in property damage litigation in the tort system, and an in-house attorney for the Debtors, Robert Bell, who had some responsibility for the Debtors' defense of pre-bankruptcy property damage litigation.  Unfortunately, no one was in attendance from the Debtors or their bankruptcy counsel with in-depth knowledge of the proposed treatment of PD Claims under the Proposed Plan.  As a consequence, no meaningful light was shed on the latter subject.  Those in attendance at the meeting nonetheless endeavored to discuss the prospects and process for reaching a global agreement on the value of allowable PD Claims.  To this end, the meeting concluded with an agreement that the attendees would resume discussion

by telephone the very next morning (*i.e.,* February 3, 2006). Unfortunately, just moments before that call was to begin, Mr. Pagliaro from Morgan Lewis & Bochius advised Mr. Dies, the Chair of the PD Committee, that the Debtors' representatives were unable to participate in the planned call as they were discussing "some of the extant issues" among themselves. While counsel for the PD Committee has inquired of Mr. Pagliaro whether and when the telephone call can/will be rescheduled, no response has as yet been received by the PD Committee.

Later in the day on Friday, February 3, 2006, counsel for the PD Committee and bankruptcy counsel for the Debtors spoke. Adding to the intolerable confusion that already existed in respect of the treatment of PD Claims under the Proposed Plan, bankruptcy counsel provided yet another iteration of what he understood the treatment would be.

On Monday morning, February 6, 2006, the undersigned reached out for Mr. Devereaux, counsel to the Debtors in this proceeding, to suggest the deadline for this objection be extended to facilitate further dialogue between the PD Committee and the Debtors to avoid any confrontations until we know whether in fact that there is an insurmountable gulf between what the Debtors propose in respect of PD Claims under the Proposed Plan and what the PD Committee is willing to agree to in that regard. Rather than receiving a response from Mr. Devereaux, bankruptcy counsel sent an e mail to undersigned counsel registering his "surprise" that the PD Committee could possibly be confused in these turgid circumstances and "confirming" his version of the intended treatment of PD Claims under the Proposed Plan, which is at odds with the Plan Settlement Term Sheet, public securities filings made by the Debtors, the Debtors' press release and public comments to its investors, and the plain meaning of prior statements made to this Court and the Bankruptcy Court.

While the PD Committee has made every effort to engage the Debtors in a full and unexpurgated dialogue concerning the treatment of PD Claims under the Proposed Plan, the Debtors simply have not appeared to hold a similar interest.   While this may unfortunately forebode a contested confirmation process, the PD Committee continues to believe that the mere fact of a term sheet signed by some but not all constituencies which are also parties to this proceeding is insufficient ground to put the PI estimation proceedings on ice for the duration of the confirmation process.   Likewise, the mere fact of a term sheet ought not to have the effect of imposing on the PD Committee or holders of PD Claims the burden of proving why this proceeding should not be stayed.   Rather, the burden should remain with the Debtors and any other party in interest which seeks the stay.

**WHEREFORE**, the PD Committee respectfully requests that the Court hear and consider this Objection, and thereupon enter an order sustaining it, and for such other relief that the Court deems appropriate.

Dated:  February 7, 2006            THE BAYARD FIRM
       Wilmington, Delaware


                                     */s/ Christopher A. Ward*
                                Christopher A. Ward (No. 3877)
                                Steven M. Yoder (No. 3885)
                                222 Delaware Avenue, Suite 900
                                Wilmington, Delaware 19801
                                Telephone:    (302) 655-5000

                                      - and -

BILZIN SUMBERG BAENA
  PRICE & AXELROD LLP
200 South Biscayne Boulevard
Suite 2500
Miami, Florida  33131-2336
Telephone:     (305) 374-7580

Scott L. Baena (Admitted <u>Pro</u> <u>Hac</u> <u>Vice</u>)
Jay M. Sakalo (Admitted <u>Pro</u> <u>Hac</u> <u>Vice</u>)

Co-Counsel for the Official Committee of Asbestos
        Property Damage Claimants